COLORADO COUNTY v. WILLIAM BEETHE ET AL.

1. CLAIMS AGAINST A COUNTY.—Since the act of 21st July, 1870, (Paschal's Dig., art. 6044,) concerning county liabilities, providing for their registration and payment in order of date, the county treasurer is not authorized to pay out money upon the order of the district judge upon the treasurer.

2. SAME.—In a suit by the county against the county treasurer for money of the county, the treasurer cannot defend by showing payment of claims on the order of the district judge drawn upon him as treasurer.

3. COSTS PAID BY COUNTIES.—Counties are not liable for costs of the district clerk in misdemeanor cases or in felony cases dismissed.

4. COUNTY COURTS.—The County Courts are charged with the financial management of county affairs, and all claims against the county should be submitted to them for their approval.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

This was a suit by Colorado county against William Beethe, the treasurer of said county, and his sureties, for $530.45, funds of said county collected, and which he refused to pay over.

Defendant pleaded that he had paid out said amount as county treasurer upon drafts on him as treasurer, drawn by the district judge, which drafts so paid were legal charges against the county, but they had been disallowed by the County Court in his settlement.

A jury was waived, and judgment was rendered for defendants, and the plaintiff on writ of error brings the case to this court.

The nature of the claims in offset by defendant appears in the opinion of the court.

*Delaney & Fleming,* for appellant.

IRELAND, ASSOCIATE JUSTICE.—On the 21st day of July, 1870, the Legislature passed an act (Paschal's Dig., art. 6044) on the subject of county liabilities, the 4th section of which is in these words:

" The county treasurers of the several counties shall register in a book to be kept for that purpose all claims of whatever nature outstanding against their counties respectively, with the date and amount of each claim, and the name of the payee and holder of the same, and shall num-

ber them on the register, noting on the back of each claim the date of presentation and the number of the claim; and said claims' shall be paid according to priority as thus numbered and registered: *Provided,* That in the registration and numbering of claims, preference shall be given to the oldest in date: *And provided further,* That in all cases jury scrip shall be paid first.''

Whatever authority may have heretofore existed for judges of the District Courts to certify to the correctness of claims of the officers against counties, and even to draw orders on the county treasurers for the same, it cannot be admitted that such orders are of any more force than any other recognized claim against a county.

Such orders or certificates cannot be regarded in the nature of an order of a court on *mandamus,* and they would have to take their chances for payment with other valid claims against a county, if in fact they were valid claims.

One of the claims paid by the appellee on the order of the district judge is for $335\frac{75}{100}$.

We have not examined each item or charge in this account, but a sufficient investigation has been had to warrant the statement that there are but few of the items, if any, that are legal charges against the county. The items are mostly charges in favor of the clerk and sheriff for ordinary services in misdemeanor cases and felony cases dismissed. (Paschal's Dig., art. 3383.)

It will be seen that certain fees are here chargeable to the State, not the counties, but then only where there is a trial and conviction or acquittal.

There may be some items of the account of Good, the sheriff, for hiring a guard to guard the jail, but it was his duty, as it was the duty of those holding any other claim against the county, to seek a recognition and payment through the channel provided by law. We have at the present term (San Patricio County *v.* McClane, *supra,* 392) held that the law recited in the first part of this opinion was in force at

the date these transactions took place, and if it had not been, the claims are not legal claims against appellant. If a district judge should order a sheriff or clerk to perform any extra duty, and should certify such fact to the County Court, it would present a very strong appeal to the County Court in favor of auditing and paying the same. The impolicy of permitting a county treasurer to pay out the funds of the county in any other manner, or on the order of any one, except as provided by law, is at once manifest and palpable.

To the County Courts is committed the duty and responsibility of providing for the financial welfare of the several counties.

The County Courts could not be justly held to a strict accountability as they should be, if the funds they are required to provide, in order to carry on the affairs of the county, can be used, paid out, or in any way disposed of without the knowledge or consent of these courts.

The court erred in holding that the payments by the treasurer, set up in his answer, were proper credits in his favor.

The cause was tried without the intervention of a jury, and we are asked to reverse and render such judgment as should have been rendered below. It is not now the usual practice of this court to reverse and render, except in cases where the cause is submitted to the court below on an agreed state of facts.

The judgment is reversed.

REVERSED.