## FLOYD SHOCK v. COLORADO COUNTY.

### Decided December 2, 1908.

**1.—Stenographer's Fees—Liability of County—Statute Construed.**

Under the provisions of the Stenographer's Act of 1903 (Gen. Laws, 1903, p. 84) each county in a judicial district composed of more than one county is liable for the fees of a court stenographer only to the extent of the fund arising from fees taxed as cost in each case and collected by the county; but to this extent the liability is absolute.

**2.—Same—Priority of Payment.**

Under the provisions of the Stenographers' Act of 1903, a court stenographer appointed by a District Judge of a judicial district composed of more than one county, does not work for the stenographer's fees collected by the county. The provision in said Act for the collection of stenographer's fees is merely a mode given the county to obtain the money with which to pay the stenographer; therefore, in case of conflicting claims to payment out of the fund so provided, the claims should be paid in the order of their priority, and not out of fees only collected from cases filed during the official term of the stenographer.

**3.—County Warrant—Negotiability.**

A county warrant may not be negotiable, but the county is bound for the payment of the same in the hands of one who proves equitable title thereto.

Appeal from the County Court of Colorado County. Tried below before Hon. J. J. Mansfield.

*Brown, Carothers & Brown,* for appellant.

*Adkins & Green,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellant in a Justice's Court against appellee to recover on a county warrant for $105, which was issued to A. J. Rosenthal Jr., or bearer, which was endorsed by Rosenthal to appellant for a valuable consideration. Appellant recovered a judgment for $99 in the Justice's Court, but on appeal to the County Court judgment was rendered in favor of the county.

A. J. Rosenthal was, under the provisions of the Stenographer's Act of 1903, (Gen. Laws, 28th Leg., p. 184), appointed stenographer of the 25th Judicial District, which was composed at that time of Colorado County and four other counties. He was appointed in September, 1903, and served until December 5, 1904, when he resigned and his successor was appointed. During his incumbency in office $219 in stenographer's fees were collected and paid to the county treasurer, and placed to the credit of the stenographer's funds. There were issued to Rosenthal by the county clerk, on order of the Commissioners' Court, three warrants, one for $120 which was fully paid, one for $100 on which $78 was paid, and the other for $105, which appellant is now seeking to collect.

The last named was duly transferred to Floyd Shock & Co. by Rosenthal, before it was presented for payment or registered. It was registered on December 5, 1904, and the claim was presented to and rejected by the Commissioners' Court. After the warrant sued on was transferred to appellant, the sum of $90 was paid to the treasurer by the district clerk for the stenographer's fund and it was placed by the treasurer to the credit of the stenographer who succeeded Rosenthal. The district clerk, after August 14, 1905, collected, in addition to the $90, the sum of $255 stenographer's fees, and he holds the same subject to the order of the county. No part of the $105 due appellant has been paid.

. In the Act of 1903 provision is first made for the appointment of stenographers in District Courts composed of only one county or of a portion of one county, and it is provided that such stenographer shall have five dollars per diem for each and every day he shall be in attendance upon the court for which he is appointed, "to be paid monthly out of the general fund in the county in which said court sits, upon the certificate of the judge thereof, by the Commissioners' Court of said county." In addition, it was provided that the district clerks should tax as costs in each civil case, except suits for delinquent taxes, a stenographer's fee of three dollars, which when collected shall be paid by the clerk into the general fund of the county in which the court sits.

In section 9 of the Act in question it is provided: "In all other judicial districts the district judge thereof may appoint an official stenographer, if in his judgment such appointment is necessary, and in the event of such appointment the terms of this Act shall apply, and thereafter in every civil case filed in the District Courts of said judicial district there shall be taxed and collected the stenographer's fee as provided for in section 5 of this Act, and the stenographer so appointed shall receive the compensation hereinbefore provided out of the fees collected for that purpose by the counties composing said judicial district, each county to be liable only for such services as are rendered by the stenographer for the District Court of the county sought to be charged." The provisions of that section must control in this case.

It will be noted that among the provisions of section 5, which are made applicable to districts composed of more than one county, is one requiring the fees collected by the district clerk to be paid into the general fund of the county, and in section 4 is the provision, the compensation of the stenographer shall be paid monthly out of the general fund of the county. The latter provision would apply to stenographers in districts of more than one county for the "terms of this Act shall apply," and will govern unless there is some provision in section 9 which qualifies or restricts other portions of the Act in this respect, or which is in conflict therewith.

It is a rule of statutory construction that, where there is a conflict between a general and special provision of a statute, the special provision must prevail. (Warren v. Shuman, 5 Texas, 441; Erwin v. Blanks, 60 Texas, 583; Gulf, C. & S. F. Ry. v. Rambolt, 67 Texas, 654; McKenzie v. Baker, 88 Texas, 669.) There is in the law under consideration an apparent conflict between the provisions of this Act in regard to districts composed of one county or a part thereof, and those specially applied to other districts, in that it is provided in the first that

the compensation of stenographers shall be paid out of the general fund, and in the latter they shall be paid "out of the fees collected for that purpose by the counties composing said judicial district." It appears, therefore, that while the provisions of the preceding sections of the Act are made to apply in section 9 to all districts where stenographers .are appointed, that it was the legislative intention to relieve the districts composed of more than one county of any liability for stenographer's fees, in excess of the fees collected. In the case of the county that has one or more District Courts of its own, it becomes responsible out of its general fund for all fees due the stenographer, in the case of the other class of the districts each county becomes liable for payment of stenographer's fees incurred within its borders only to the extent of the amount of fees collected in the different cases tried therein. Under this construction of the statute Colorado County is liable for the fees of the stenographers incurred in the trial of cases in its District Court, to the extent of the fund arising from the collection of the fees therefor. (Robertson v. Ellis County, 38 Texas Civ. App., 146.

Under the provisions of the law in question, the stenographer's compensation is fixed at five dollars a day, and he is entitled to that compensation out of the fees collected and turned over to the county, whether they are collected during his tenure of office of thereafter. He does not work for the fees, as such provision for them is merely the mode given the county to obtain the money to pay him, but he has a debt against the county with no limitations on it, except that the county is not responsible except to the extent of the fees collected. There is nothing in the statute that confines the interest of the stenographer to the fees collected in the cases filed during his term of office. The county is liable to him for his compensation out of any stenographer's fees it may have in its possession at any time after the claim becomes due.

In this case appellant, as the transferee of the warrant of the stenographer, has priority over any other claimant out of the fees collected or to be collected to the extent of his claim, and should have recovered a judgment to that effect. This view of the law was not called to the attention of the court in the case of Robertson v. Ellis County, hereinbefore cited, and is not considered therein. In that case appellant contended that he should be paid out of the general fund of the county, and agreed that if his contention was not sustained the judgment against him should be affirmed. The question as to his right to a judgment to be paid out of the special fund that might arise out of the collection of stenographer's fees was not presented nor considered.

The law positively and unequivocally fixes the compensation at five dollars a day and that amount the stenographer is entitled to, provided he can get it out of the fees collected in causes filed in the county. The county becomes absolutely liable for its payment the moment it collects fees sufficient to pay it. In this case fees to the amount of $111 were collected by the county after this claim was presented and registered and so much of that amount should have been paid on appellant's claim as was necessary to liquidate it. The law requires that all claims against a county shall be registered by the county treasurer, and when registered that he shall pay off the claims in each class in the order in which they are registered. (Sayles Stats., arts. 851-856.)

The claim against the county may not have been negotiable, but the transfer was an equitable one and, in the absence of any defense, bound the county. (San Patricio County v. McClane, 44 Texas, 392.)

The judgment of the County Court is reversed and judgment here rendered that appellant recover of appellee the amount of his claim and all costs in this and the lower courts expended.

*Reversed and rendered.*