### McDANIEL v. COUCH, County Judge, et al.

### No. 9148.

Court of Civil Appeals of Texas. San Antonio.

Feb. 8, 1933.

Cecil R. Fulton, L. E. Thrasher, and R. M. Bounds, all of McAllen, for appellant.

F. G. Clay, of McAllen, for appellees.

MURRAY, Justice.

This case was instituted in the Ninety-Third district court of Hidalgo county, Tex., by E. A. McDaniel, plaintiff below, appellant here, against E. C. Couch, county judge, B. F. Byers, E. L. Calhoun, Willard Ferguson, and W. H. Atwood, as county commissioners, F. W. Lemburg, county clerk, C. H. Pease, county treasurer, and Chas. D. Turner, county auditor, all of Hidalgo county, Tex., defendants below, appellees here, suing each of said defendants below in their respective official capacities, and also suing their successors in office as such; the suit being filed on the 29th day of December, A. D. 1932.

The suit was for a mandamus to compel the county auditor, the county clerk, and the county treasurer to issue proper scrip and pay the claim out of the general fund of Hidalgo county, Tex.

Upon presentation of the plaintiff's petition to the court, the Honorable Chas. E. Thompson, the then judge of said Ninety-Third district court of Hidalgo county, Tex., issued a temporary restraining order on the 29th day of December, A. D. 1932, restraining the county commissioners, the county auditor, the county clerk, and the county treasurer from paying moneys out of the general fund of Hidalgo county, Tex., or diverting the moneys in said general fund to an extent that it would reduce said fund below an amount sufficient to pay the claim of appellant, plaintiff below.

A temporary injunction was requested to restrain the county officials, as aforesaid, from paying moneys out, or in any manner depleting the general fund of Hidalgo county, Tex., to an amount that would deplete the fund below an amount sufficient to pay appellant's claim.

A hearing was had on a temporary injunction on the 6th day of January, A. D. 1933, all parties being present, and at the conclusion of the hearing the Honorable Fred E. Bennett, present judge of said Ninety-Third district court, dissolved the temporary restraining order theretofore issued and refused the temporary writ of injunction prayed for. From the order thus entered, refusing the temporary writ of injunction, the appellant, plaintiff below, has prosecuted this appeal, and, by a separate application filed in this court on, to wit, the 18th day of January, A. D. 1933, appellant has asked this court to grant a temporary restraining order, requiring the appellees herein to hold the funds in statu quo, pending this appeal.

The pertinent facts necessary to a determination of this appeal are as follows:

On the 31st day of December, A. D. 1930, the commissioners' court of Hidalgo county, Tex., audited the claim of E. A. McDan-

iel, appellant here, against said county and approved the same and ordered it paid out of the general fund of Hidalgo county, Tex., said claim being in the sum of $10,500 for legal services rendered, and instructed the county clerk and the county auditor to issue scrip in said amount drawn on the general fund of said county.

It further appeared that E. A. McDaniel, the appellant here, is still the owner and holder of said judgment and claim, and that the same has never been paid and no scrip or warrant has ever been issued on the same and no moneys have ever been received by the said E. A. McDaniel in payment of said claim, and that the county clerk and the county auditor have consistently refused to issue said scrip. It also appeared on a hearing that the general fund of Hidalgo county, Tex., had in it at the time of the hearing on the temporary injunction herein sought sufficient moneys to pay the claim of this appellant.

There was no evidence offered by appellant as to whether the amount then on hand in the general fund was collected for the payment of current expenses or for claims prior or subsequent to appellants, or as to how many prior claims against the general fund were prior to appellees; merely the fact that there was over $10,500 in the general fund.

It was shown by appellees that any balance on hand in the general fund was taken into account in estimating the general fund budget. It was further shown by appellees that the current or running expenses of the county could not be paid if the claim of appellant was placed as a prior item against the fund; that the effect would be to put the county on its credit, if it had any, or stop the running of the county government.

This case presents the question: Did the trial judge abuse his discretion in refusing to grant a temporary injunction under the facts as above set out?

Appellant only alleges that he has a final, subsisting, and unsatisfied judgment against Hidalgo county. His application further shows that the county clerk has never issued him a warrant to cover said judgment, and of course same has not been counter signed by the auditor nor classified and registered by the county treasurer.

Under article 1625, R. S. 1925, the treasurer, by whom all payments are made, is, in expressed terms, forbidden to pay any claim against a county until it has been duly registered. White v. Calaway (Tex. Civ. App.) 282 S. W. 642; Nolan County v. Simpson, 74 Tex. 218, 11 S. W. 1098; San Patricio County v. McClane, 44 Tex. 392; Colorado County v. Beethe, 44 Tex. 447. It is therefore clear that appellant, under his own contentions, is not now in a position to demand immediate payment of his claim, but is only entitled to a warrant for same and to have the warrant classified and registered, and when so registered it would become payable in the order in which it was registered, as provided by article 1625, above. Clarke & Courts v. San Jacinto County, 18 Tex. Civ. App. 204, 45 S. W. 315.

It is not necessary to discuss this case further to come to the conclusion that the judge below did not abuse his discretion in the case.

It is therefore our opinion that the order of the judge below refusing to grant a temporary injunction should be in all things affirmed, and it is so ordered.