

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller          Opinion No. O-1206
County Attorney
Newton County                   Re: May fees under Article 1055,
Newton, Texas                       Code of Criminal Procedure, as
                                    amended, 46th Legislature, be
                                    paid.by warrant out of the jury
Dear Sir:                           fund of the county.

          Your request for an opinion of this Department under date of
July 29, 1939, reads substantially as follows:

          Under Article 1055, as amended, by the 46th Legislature,
House Bill No. 205, authorizing the county clerks to "issue his warrants
on the county treasurer in favor of such officer, to be paid out of the
road and bridge fund, or other funds not otherwise appropriated," can
the county clerk issue his warrant to be paid out of the jury fund, if
there be an excess?

          The above portion of Article 1055, Code of Criminal Procedure,
as amended, which is correctly stated in your request, authorizes such
fees to be paid out of the road and bridge fund or other funds not
otherwise appropriated. The jury fund of the county is a constitutional
fund, being made up of taxes levied under the constitutional limits and
certain statutory funds which are specifically appropriated and dedi-
cated to specific uses.

          Article 1628, Revised Civil Statutes, 1925, relating to the
jury fund, provides:

          "The funds received by the county treasurer shall .be classed
as follows, and shall be appropriated, respectively, to the payment of
all claims registered in the first, second and third classes: (1) All
jury fees, all money received from the sale of estrays, and all occupa-
tion taxes."***

          Article 1626, Revised Civil Statutes, 1925, classifying all
claims against a county, directs that all jury scrip and scrip issued
for feeding jurors are payable out of funds so received of the first
class.

          Article 1630, Revised Civil Statutes, 1925, provides:

          "The commissioners' court by an order to that effect may
transfer the money in hand from one fund to another, as it may deem

Hon. A. A. Miller, page 2 (O-1206)

necessary and proper, except that the funds which belong to class first shall never be diverted from the payment of the claims registered in class first, <u>unless there is an excess of such funds.</u>" (Underscoring ours)

The Supreme Court in Carroll v. Williams, 202 S. W. 504, held that the foregoing statutes only applied to those funds purely statutory and that Article 1630, supra, should not be held to embrace any of the five classes of county funds specifically designated in Section 9, Article 8, of the Constitution of Texas.

Any effect to be given Article 1630, supra, as to the transfer of county funds should be considered in the light of the opinion of Carroll v. Williams, supra, and cases cited therein which furnish us the only authorities involving this statute and its effect under Article 8, Section 9, of the Constitution relating to the transfer of county funds. In passin g on whether or not a legal excess would exist as would authorize a transfer and if so, into what funds, constitutional or special, same may be transferred, all facts necessary to present to this department the actual condition of the county's finances; the status of each fund measured by the current demands chargeable against same and the various tax rates and assessments affecting the particular funds would have to be considered. The single proposition remains that until such legal transfer is made, any excess remains a part of the jury fund and by the Constitution and statutes, such fund is appropriated for specific purposes.

In viewing authorities cited herein, it appears that the following settled rules govern such transfers, keeping in mind that such classes of funds authorized by the Constitution and statutes are appropriated to the several classified purposes; first, the commissioners' court may not, by any unauthorized classification, defeat the payment of just claims or destroy the right of holders of registered claims, under Article 1627, Revised Civil Statutes of 1925, to have their claims paid out of the appropriate funds in the order of registration. Clark and Courts v. San Jacinto County, 45 S. W. 315; second, where a transfer is made into a constitutional fund, which will swell the expenditures therefrom for any one year beyond the limitation of the tax rate levied and moneys raised for the purposes for that particular class funds, such transfer would be prohibited. Carroll v. Williams, supra,

It is, therefore, the opinion of this department that the county clerk is not authorized to issue his warrant on the county treasurer, to be paid out of the jury fund, in favor of any officer for fees accruing under Article 1055, Code of Criminal Procedure, as amended by the 46th Legislature. Whether a legal excess can be determined to exist in the jury fund and a condition exists authorizing the transfer of such excess and into what fund, depends upon all facts developed showing the true condition of finances of a county including the status of the particular fund affected.

Yours very truly

APPROVED OCT 4, 1939
WMK:LM:br
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
  Wm. J. R. King
  Assistant