

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by O-7483

Honorable H. W. Allen
District Attorney
Hamilton, Texas

Dear Sir:

Opinion No. O-2276

Re: Power of a commissioners' court
to call an election for the purpose
of voting bonds for the purchase of
land to be donated to A & M College
for an experiment station as provided
in Article 149 (e), Vernon's Annotated
Statutes.

This will acknowledge receipt of your letter of April 24, in which you request our opinion on the following question:

"Whether the commissioners' court has the power to call an election for the purpose of voting bonds for the purchase of land to be donated under Article 149 (e), Revised Civil Statutes, 1925."

Section 1 of this Act authorizes and empowers the Board of Directors of the Agricultural & Mechanical College of Texas to establish and maintain a horticultural experiment station at some point within the limits of Brown, Callahan, Comanche, Eastland, Erath or any other county in the West Texas Cross Timber Section of Texas, for the purpose of making scientific investigations and experiments in the production of fruits and berries, grapes, nuts and farm crops, and for the fertilization and conservation of soils in the West Texas Cross Timberland area, and for conducting scientific experiments in poultry raising, dairying and bee culture, and for the purpose of studying the other impending horticultural and agricultural problems of that section.

Section 2 authorizes the Board of Directors to accept donations of land for the establishment of such station.

Section 4 provides that said station shall not be established unless there be contributed to the use and benefit of said college money or other property or lands suitable for said station. There is no power conferred in this article which would authorize the issuance of bonds by a county for the purpose of purchasing such lands. Therefore, we must look elsewhere in the laws for this authority if any exists.

Article 718 of Chapter 2, Title 22, of Vernon's Annotated Statutes, enumerates the purposes for which the bonds of a county may lawfully be issued, such purposes being as follows:

1. To erect the county courthouse and jail, or either;

2. To purchase suitable sites within the county and construct buildings thereon to provide homes or schools for dependent and delinquent boys and girls, or for either;

3. To establish county poorhouses on farms in the county;

4. To purchase and construct bridges for public purposes within the county or across a stream that constitutes the boundary line of a county;

5. To improve and maintain the public roads in the county.

It is manifest that the purpose for which Comanche County seeks to issue bonds is not contained within the foregoing enumerations.

The power to issue bonds is not inherent in the county, nor is such power to be implied. The established doctrine in this State from early times is to the effect that the authority to issue negotiable securities or bonds does not exist unless expressly conferred by law. See Lasater vs. Lopez, 217 S.W. 373, Robertson vs. Breedlove, 61 Tex. 316, San Patricio County vs. McClane, 44 Tex. 392. It is likewise settled law that a commissioners' court has only such powers as are conferred by law.

You are, therefore, advised that in our opinion the Commissioners' Court of Comanche County is without power to call an election for the purpose of voting upon bonds of the nature sought to be issued.

Having reached the conclusion that such bonds cannot lawfully be issued for the purpose stated, we do not consider it necessary that we pass upon the validity of a donation

of public property as contemplated by your question.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s
cs

APPROVED MAY 10,1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By  BWB
Chairman