

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable Sam Bain
County Attorney
Leon County
Centerville, Texas

Dear Sir:

Opinion No. O-3171
Re: Commissioners' Court is not authorized to place 1941 motor vehicle registration fees in separate fund for "operating expenses and road work."

Your request for opinion upon the following stated question:

"Would the County Treasurer and Commissioners Court of Leon County have the power to take the 1941 registration fees (for motor vehicles) and set up into a new fund for operating expenses and road work when there is outstanding warrants or scrip that has been duly registered upon the claim docket of such county that have not been paid."

has been received and carefully considered by this department.

Article 6675a-10, Vernon's Annotated Texas Civil Statutes, reads as follows:

"On Monday of each week each County Tax Collector shall deposit in the County Depository of his county to the credit of the County Road and Bridge Fund an amount equal to one hundred (100%) per cent of net collections made hereunder during the preceding week until the amount so deposited for the current calendar year shall have reached a total sum of Fifty Thousand ($50,000.00) Dollars.

"Thereafter, and until the amount so deposited for the year shall have reached a total of One Hundred Seventy-five Thousand ($175,000.00) Dollars he shall deposit to the credit of said Fund on Monday of each week an amount equal to fifty (50%) per cent of collections made hereunder during the preceding week.

"Thereafter, he shall make no further deposits
to the credit of said Fund during that calendar
year. All collections made during any week under
the provisions of this Act (Arts. 6675a-1 to 6675a-
14; P. C. Art. 870a) in excess of the amounts re-
quired to be deposited to the credit of the Road
and Bridge Fund of his county shall be remitted by
each County Tax Collector on each Monday of the
succeeding week to the State Highway Department to-
gether with carbon copies of each license receipt
issued hereunder during the preceding week. He
shall also on Monday of each week remit to the De-
partment as now provided by Law, all transfer fees
and chauffeurs' license fees collected by him dur-
ing the preceding week, together with carbon copies
of all receipts issued for said fees during the
week.

"He shall also accompany all remittances to
the Highway Department with a complete report of
such collections made and disposition made thereof,
the form and contents of said report to be pres-
cribed by the State Highway Department. None of the
monies so placed to the credit of the Road and
Bridge Fund of a county shall be used to pay the
salary or compensation of any County Judge or
County Commissioner, but all said monies shall
be used for the construction and maintenance of
lateral roads in such county under the supervision
of the County Engineer, if there be one, and if
there is no such engineer, then the County Commis-
sioners' Court shall have authority to command the
services of the Division Engineer of the State High-
way Department for the purpose of supervising the
construction and surveying of lateral roads in
their respective counties. All funds allocated
to the counties by the provisions of this Act (Arts.
6675a-1 to 6675a-14; P. C. Art. 807a) may be used
by the counties in the payment of obligations, if
any, issued and incurred in the construction or
the improvement of all roads, including State High-
ways of such counties and districts therein; or the
improvement of the roads comprising the County Road
system."

The above mentioned statute expressly provides how
motor registration fees coming to the County shall be expended.
It also provides that such fees be placed in the Road and
Bridge Fund of the county.

Section 9, Article 8 of our State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries, and for permanent improvements respectively. The money arising from taxes levied and collected from each of the above enumerated purposes are constitutional funds.

The Commissioners' Court has no authority to transfer money from one constitutional fund to another, or to expend, for one purpose, tax money raised ostensibly for another purpose. The immediate purpose of the provision is to limit the amount of taxes that may be raised for these several purposes, respectively, and it is also designed to inhibit excessive expenditures for any of such purposes and to require that any and all moneys raised by taxation for any purpose shall be applied to that purpose and no other. Carroll vs. Williams, 202 S. W. 504; Ault v. Hill County, 116 S. W. 359; Tex. Jur. Vol. 11, p. 609-10-11; Henderson v. Bock, 262 S. W. 94.

It is settled law in this State that the Commissioners' Courts have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes of this State or necessarily implied therefrom.

Opinion No. 0-937 of this department holds that the Commissioners' Court does not have authority to transfer funds from the Road and Bridge Fund to the General Fund. It is further stated in said opinion that "the Commissioners' Court is not authorized to transfer any moneys from one constitutional fund into another. Such transfer, if made, would constitute a diversion of such funds and be invalid."

Articles 1625, 1626 and 1627, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Art. 1625. Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered."

"Art. 1626. Claims against a county shall be registered in three classes, as follows:

"1. All jury scrip and scrip issued for feeding jurors.

"2. All scrip issued under the provisions of the road law or for work done on roads and bridges.

"3. All the general indebtedness of the county, including feeding and guarding prisoners, and paupers' claims."

"Art. 1627. Said treasurer shall enter each claim in the register, stating the class to which it belongs, the name of the payee, the amount, the date of the claim, the date of registration, the number of such claim, by what authority issued, and for what service the same was issued, and shall write on the face of the claim its registration number, the word 'registered,' the date of such registration, and shall sign his name officially thereto."

The case of Wilkinson v. Franklin County, et al, 94 S. W. 1190, (Texarkana Court of Civil Appeals) (Writ of Error Refused) held that an order of the Commissioners' Court requiring the county treasurer to pay current warrants drawn against the county general fund in preference to warrants of prior years drawn against the general fund was void and the court held that warrants issued during prior years which bore preferential registration numbers to current year warrants were payable out of the general fund for the current year in preference to current year warrants. Also see the case of Clarke & Courts v. San Jacinto County, 45 S. W. 315, 316.

The case of Howard et ux v. Henderson County, et al, 116 S. W. (2d) 479, holds among other things, that the County Commissioners' Court is without authority to bind the county by contract or otherwise to pay claims in cash whereby such claims would be given preference in payment over other registered claims of the county.

Since the Legislature has specifically provided that registration fees shall be expended for specific purposes, those fees may not be legally expended for any other purpose, nor may they be credited to any fund except the Road and Bridge Fund as directed by the statute; and when so credited the Commissioners' Court may not transfer them, or any part thereof, to any other fund of the county.

It is our opinion that your question should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:db

APPROVED MAR 28, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN