

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. S. Rowe
County Attorney, Lamb County
Littlefield, Texas

Dear Sir:

Opinion Request No. O-7036

Re: Does the Commissioners'
Court of Lamb County have the
authority to issue time warrants
or bonds for the purpose of con-
structing a building to house
the County Agent and the AAA
offices?

We acknowledge receipt of your opinion request of recent
date, and quote from your letter as follows:

"The Commissioners Court of Lamb County is con-
templating the construction of an Agricultural Building,
for the purpose of housing the County Agent and the
Triple A. Offices, the proposed site for the building
being a town considerable distance from the County Seat
of said county, and as County Attorney I have been re-
quested to ask for an opinion from your Department, as
to the legality of the proposition; Therefore will you
please render an opinion on the questions as follows:

1. Would the Commissioners Court of Lamb County have
authority to let a contract for the construction of
an Agricultural Building in which to house the County
Agent and the A. A. A. Offices, said building to be
constructed in a town not the County Seat of said
County, and would said Court have the authority to
issue Time Warrants, in the sum of $20,000.00, in
payment for the construction of such a building.

2. Would the Commissioners Court of Lamb County, have
authority to order an election for the purpose of determin-
ing whether or not Bonds in the sum of $20,000.00 should be
issued for the construction of an Agricultural Building, in
which to house the County Agent, and the Triple A. Offices;
said building to be constructed in a town not the County
Seat of said county."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The courts of this State have repeatedly held that a county cannot issue bonds unless such power is expressly conferred by law. Such is the established doctrine in this State, and has been from an early time. It was affirmed in the original appeal from San Patricio County vs. McClane, 44 Tex. 392, and reiterated in Robison vs. Breedlove, 61 Tex. 316; also in Lasater vs. Lopez, 217 S. W. 376.

It is also a well established rule of law in this State that a county subject to the expressed restrictions imposed by the Constitution and general laws has the implied power to issue time warrants in payment for improvements which it is expressly authorized to construct, provided the applicable regulations relating to the issuance of such warrants are observed. (Straton vs. Commissioners'Court of Kinney County, 137 S. W. 1170; Cowan et al vs. Dupree, et al, 139 S. W. 887; Commissioners' Court of Floyd County et al vs. Nichols et al, 142 S. W. 37; Lasater vs. Lopez, 217 S. W. 376; Adams vs. McGill, 146 S. W. (2d) 332.)

We have failed to find a statute in this State expressly authorizing a county to construct the type building mentioned in your request. Therefore, it is the opinion of this Department, based on the foregoing decisions of the courts of this State, that a county does not have the authority to issue time warrants or bonds for the purpose of constructing an agricultural building in which to house the county agent and A. A. A. offices.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Claud O. Boothman
Assistant

COB:V

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN