

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 11, 1951

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Opinion No. V-1278

Re: Authority of Wilson
County to issue bonds
to construct a building
to house the County
Agent, the County Home
Demonstration Agent,
the Production Market-
ing Administration of-
fice and the like.

Dear Mr. Voges:

Your request for an opinion relates to
the authority of a county of less than 20,000 popu-
lation to construct a building to be used by the
County Agent, the County Home Demonstration Agent,
the Soil Conservation Office, and the Production
and Marketing Administration by the issuance of
county wide bonds. If bonds may be issued for such
a purpose, you also wish to know if a petition is
required and what is the maximum tax rate that the
county may fix in order to retire the bond issue.

We believe the question you present is
answered by Att'y Gen. Op. O-7036 (1946), wherein
it was stated:

"The courts of this State have re-
peatedly held that a county cannot issue
bonds unless such power is expressly con-
ferred by law. Such is the established
doctrine in this State, and has been from
an early time. It was affirmed in the
original appeal from San Patricio County
v. McClane, 44 Tex. 392, and reiterated in
Robison v. Breedlove, 61 Tex. 316; also
in Lasater v. Lopez, 217 S.W. 373, 110 Tex.
179."

". . .

"We have failed to find a statute in
this State expressly authorizing a county

to construct the type building mentioned
in your request.  Therefore, it is the
opinion of this Department, based on the
foregoing decisions of the courts of this
State, that a county does not have the
authority to issue . . . bonds for the
purpose of constructing an agricultural
building in which to house the county
agent and the A.A.A. offices."

Article 2370(a), V.C.S. (H.B. 382, Acts
51st Leg. 1949, ch. 60, p. 100), authorizes the is-
suance of negotiable bonds for the purchase, con-
struction, or otherwise acquiring of additional of-
fice space if the courthouse is not adequate to
properly house all county offices.  We need not de-
cide whether any or all of the offices named by you
are "county offices" within the meaning of this
statute, since it expired by its own terms on Sept.
1, 1951, at the latest.

You also ask whether these offices could
be considered experiment stations so as to author-
ize the county to issue bonds under the authority
granted by Article 163a, V.C.S.  The definition of
an experiment station is a station established "for
the purpose of making experiments and conducting in-
vestigations in the planting and growing of agricul-
tural and horticultural crops and soils, and the
breeding, feeding and fattening of livestock for
slaughter."  Att'y Gen. Op. 0-7483 (1946).  We do not
believe that a building for any of the named offices
can qualify as an "experiment station" under this
definition; therefore, Article 163a, V.C.S., has no
application.

This office, following the decisions of the
courts has repeatedly held that the commissioners'
court is a court of limited jurisdiction and has only
such powers as are conferred upon it, whether by ex-
press terms or by necessary implication by the stat-
utes and Constitution of this State.  Childress County
v. State, 127 Tex. 343, 92 S.W. 2d, 1011 (1936); Von
Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1915
error ref.); Roper v. Hall, 280 S.W. 289 (Tex. Civ.
App. 1925); 11 Tex. Jur. 632, Counties Sec. 95, 20 C.
J.S. 1006, Counties, Sec. 174.

In view of the foregoing, it is our opinion that Wilson County is not authorized to issue bonds to construct buildings for the County Agent, County Home Demonstration Agent, the Soil Conservation Office and the Production and Marketing Administration.

## SUMMARY

There is no authority for Wilson County to construct a building by the issuance of bonds for the purpose of housing the County Agent, the County Home Demonstration Agent, the Soil Conservation Office, and the Production and Marketing Administration.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BW:awo

Yours very truly

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant