Tompkins, J.,
delivered the opinion of the Court.
Neil and Ferguson sued Dillon before a Justice of the Peace, and judgment was given against them. They appealed to the Circuit Court, and on motion of the appellee the cause was dismissed.
The appellee moved the Circuit Court to dismiss the appeal for the following reasons:
First. Because the note on file was not served on the defendant with the summons, nor did it go out with the summons.
Second. Because said note on file is made payable to John Ferguson, and the suit and proceedings are in the name of the executors of John Ferguson, sen’r.
The act to establish Justices’ Courts, provides that in all suits a brief statement of the cause of action and the amount claimed, shall he made in writing, and filed with the Justice, and the same or a copy annexed to the summons; and that the service thereof shall be by reading the original summons, and the statement or a copy annexed thereto in the hearing of the defendant, &c. See Revised Cods, pages 473-4. By an act approved 23d Dec., 1826, it is declared, that so much of the former law as requires that in all suits for debt, or on account, a brief statement of the cause of *44 action shall be made and filed with the Justice,.shall be and is repealed. Provided,, that no Justice of the Peace shall issue his summons or warrant, unless the plaintiff by himself or agent, shall have filed with the. Justice the bond or note, bill, or account, on which the demand is founded.
On the part of the appellee it is contended, that by a fair construction of the two acts, the Justice is required to annex a copy of the bond, bill or account on which the demand is founded, to the summons, and that the service must be by reading the-original summons, and a copy of the bond, bill, note, or account, &c.
For the appellant it is contended, that even if the construction of the statutes contended for by the appellee be-correct,. yet the appellee had waived his right to take advantage of this omission, by appearing and defending before the Justice.
It ¡3 not material to decide now whether the appellee, by defending before the Justice of the Peace, has waived his right to take advantage of an omission of the plaintiff, ¡o file his note or brief statement The Legislature in repealing the provision requiring a brief statement of the cause of action, &e., to be filed, repealed, necessarily, tile provisions requiring this brief statement, or a copy, to be annexed tp the-summons, and read to the defendant, along with the summons. As a substitute for the brief statement, the-plaintiffi is now required to file the bond, note, &c. We will not presume that the Legislature intended a copy of the bond, note, &e.„ to be annexed and read to the defendant along with the summons. The Legislature would no doubt have made the provision by. express enactment,.if it had heen intended that the copy of the bond and note, &c., should be annexed to the.-summons, and.read to tile defendant.
The second reason for dismissing tile cause has with us but little weight. The name of the payee of the note was John Ferguson. It was the appellees’ act to call tiim so in the note, and he could have proved that the testator was not the person to whom the note was made, had the fact been such.
The judgment of the Circuit Court is reversed^ and, the cause remanded for furfher.¡oroceedings in conformity with this opinion..