## S. S. ASHE v. THE COUNTY OF HARRIS.

(Case No. 1205.)

1. COUNTY WARRANTS — INTEREST.— County warrants issued on claims allowed by the county commissioners' court, which, under the statute, can be paid only in the order of their registration according to their class, which are silent as to interest, and specify no time of payment, do not bear interest. No opinion is expressed as to the power of the county commissioners' court to issue warrants which stipulate for interest on their face.

Error from Harris.    Tried below before the Hon. James Masterson.

The opinion states the case.

*Usher & Gillaspie*, for plaintiff in error.

I. The warrants sued on are "instruments of writing, ascertaining the sum due," and as such bear interest, the statute applying to the contracts of counties as well as those of individuals and other corporations.

The court, in its decree, states: "And it further appearing that said drafts were presented for payment to the county treasurer within a reasonable time after being issued and delivered to relator, and that payment was refused for the reason that there was no funds in the hands of the county treasurer available for that purpose, and that at the dates when said warrants were drawn there was no money in the county treasury, and that at no time since has there been any money in the county treasury available for the payment of relator's warrants, or any of them." Pasch. Dig., sec. 3940; Dillon on Mun. Corp., sec. 414; Langdon *v.* Castleton, 30 Vt., 285; Robbins *v.* County Court, 3 Mo., 57; Rodgers *v.* Lee County, 1 Dillon C. C. R. C., 519; R. R. Co. *v.* Evansville, 15 Ind., 414.

II. The counties of this state are made by statute corporations with power to sue and be sued, and there is no exception in the laws in their favor, making their contracts and liabilities subject to a different rule from that governing the contracts and liabilities of individuals and other corporations in the state; besides, the court allowed interest on the judgment under (Pasch. Dig., art. 3943) part of the same law, and passed at the same time as art. 3940, under which plaintiff claims interest; if one applied, why not both?

The case of the Auditorial Board *v.* Arles, 15 Tex., 72, is in no way analogous to the one at bar. In the Pennsylvania cases it appears a county cannot be sued on its

warrants, but suit must be brought on the original claim. The case in 61st Mo. was decided upon the provisions of the Missouri statute. We, however, ask for this case particular attention, as we think if it is authority either way, it shows that the warrants would bear interest from the date of presentation to the county treasurer, and his refusal to pay. The reference in Daniel on Negotiable Instruments is too indefinite to be authority either way. County warrants are not negotiable instruments, but this does not take them out of the statute relating to interest.

*M. Looscan*, for defendant in error.

GOULD, ASSOCIATE JUSTICE.— The question presented in this case is, Do county warrants bear interest? Or more accurately, Do county warrants bear interest from date? The warrants, to enforce the payment of which Ashe sued, were silent about interest, nor did they specify any particular time of payment. They purported to be issued for amounts allowed and ordered to be paid by the county court, and directed the county treasurer to pay Ashe said amounts. Ashe sued to enforce the payment. The court gave him judgment for the face value of the warrants, but rendered no judgment for interest, and Ashe has brought the case here by writ of error, claiming that he was entitled to interest.

In our opinion, ordinary county warrants, such as we have described, are " simply directions to the treasurer to pay the amount of money called for," and are to be read as if they expressed upon their face that they are only to be paid in their order, and on compliance with the laws. San Patricio Co. *v.* McLane, 44 Tex., 397; Colorado County *v.* Beethe, id., 450.

All claims against the county should be submitted to the county court, or rather, as it is now styled, the county commissioners' court; and where allowed by that tribunal, the county warrant issues as evidence of that

fact, and authorizes the treasurer to make payment only when they have been registered by him, and then only in the order of their registration according to their class. Pasch. Dig., art. 6044; R. S., art. 961 *et seq.* Such warrants are not contracts to pay on demand or at a day fixed. They are merely evidence of an indebtedness allowed, but are not contracts in writing bearing interest. Whilst the decisions are not uniform, this conclusion is in accordance with the weight of authority. Madison County *v.* Bartlett, 1 Scam., 67; Board of Supervisors of Warren County *v.* Klein, 51 Miss., 816; Alison *v.* Juniata County, 50 Pa. St., 351; 1 Daniel on Neg. Inst., sec. 432.

The case of Robbins *v.* Lincoln Co., 3 Mo., 59, is authority for allowing interest after the warrant is presented and payment refused. From a later case, it appears that the subject is regulated in that state by statute; and such may have been the case when Robbins *v.* Lincoln Co. was decided. State *v.* Trustees, etc., 61 Mo., 158. Mr. Dillon cites Langdon *v.* Castleton, 30 Vt., 285, as authority for saying that "the rule in respect to interest on debts against municipal corporations does not ordinarily differ from that which applies to individuals." That case was an action on a book account, and the opinion discusses the question of interest on such accounts under the law in that state; but, whilst interest was allowed against the county, the subject of municipal liability to pay interest was but little discussed. The other authorities cited by plaintiff in error refer to coupons and bonds, not to warrants.

The supreme court of Pennsylvania and Mississippi each seem to give weight to the fact that, according to custom and the common understanding of the community, interest was not paid on such warrants; and it is believed the same may be said of the usage and general understanding in this state. No authority cited by plaintiff in error supports his claim that warrants bear

interest from date; and as the record furnishes no data for fixing any other period from which interest should be allowed, the judgment might have been affirmed on that ground. It is hardly necessary to say, that, in expressing our conclusion that county warrants in the usual form do not bear interest, we intend to intimate no opinion as to the power of the county commissioners' court to issue interest-bearing warrants.

The judgment is affirmed.

                         AFFIRMED.

[Opinion delivered at Galveston Term, 1881.]