## SAN PATRICIO COUNTY v. JOHN McCLANE.

### SUPREME COURT, GALVESTON TERM, 1883.

*Claims against Counties—Conflicting Evidence*—In an action against a county where there was a conflict of evidence as to whether the warrants sued upon had been presented to the treasurer of the county for registration, and that officer refused to take any action thereon, the finding of in the judge who tried the cause will not be disturbed.

*Facts authorizing Suits against Counties.*—Where the warrants sued upon were issued under an order of the County Court, after a full settlement with the contractor to whom they were issued, and prior to the institution of the suit upon the warrants, the same have been presented to the County Court for allowance, and the court had deferred action thereon, held, that such facts authorized suit against the county.

*Interest on Indebtedness.*—The power given under P. D., Art. 1229, seems broad enough to authorize County Courts to contract to pay interest on its indebtedness, incurred in an improvement, it was expressly authorized to make.

From San Patricio county.—Opinion by Stayton, J.—This cause was before this court at the former term, and is reported in the 44th Texas, p. 392.

Upon that appeal it was decided that the contract which ultimated in the warrants sued upon was not illegal, and it becomes unnecessary to consider that question.

The cause was remanded for the reason that, the warrants sued upon had not been presented to the treasurer of San Patricio

county for registration under the 4th section of the act of 1870, (P. D., 6044).

Upon the last trial there was evidence tending to show that the warrants had been presented to the treasurer of the county for registration prior to the institution of the suit, and that, that officer declined to take any action in reference to them, without directions from the county court.

The evidence was conflicting upon this question, and the finding of the judge who tried the cause will not be disturbed.

It further appears, that the warrants sued upon were issued under an order of the County Court, for San Patricio County, after a full settlement with the contractor, and that prior to the institution of this action the warrants had been presented to the County Court for allowance, and that the court had refused action thereon. Under these facts we are of the opinion, that the defendant in error was authorized to bring suit.

It is claimed that the County Court had no power to issue interest-bearing warrants. We are of the opinion that this proposition cannot be maintained.

The County Court had power to provide court houses, jails, and all necessary public buildings, and to allow and settle all county accounts, and direct their payment in such manner and at such times as may suit the public interest. (P. D., 1229.)

This power, thus expressly given, would seem broad enough to authorize the County Court to contract to pay interest upon its indebtedness, incurred in an improvement it was expressly authorized to make. (Douglass v. Virginia City, 5 Nevada, 150.)

In the case of Ashe v. Harris county, 55 Tex. 52, it was held that county warrants which did not upon their face provide for the payment of interest, did not bear interest from their date, but the warrants now in question expressly provide for the payment of interest.

On the former appeal it was held that the warrants sued upon were not to be classed as negotiable instruments, and upon the last trial an inquiry was made, as to whether the contractor was entitled to the sum for which the warrants were drawn, with in-

terest thereon, and the finding of the court which gave a less sum seems equitable.

No question is made as to whether the action should have been brought upon the warrants or upon the original cause of action out of which they grew, and upon this question it is not necessary to express any opinion.

There being no error in this judgment, it is affirmed.