

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

NO. 3098

1. Commensurate with the duty imposed upon county commissioners courts to provide roads and bridges, such courts would have the implied power to issue interest-bearing scrip warrants against the Road and Bridge Fund as a necessary incident to a compliance with such imposed duty.

2. The county commissioners court is without authority to issue interest-bearing scrip warrants against the General Fund for current expenses.

---

OFFICE OF THE ATTORNEY GENERAL

February 19, 1940

Hon. E. W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-1703

Re: Power of county commissioners court to issue interest-bearing scrip warrants.

We are pleased to reply to your letter of November 13, 1939. You therein present two questions for our consideration:

(1)  Whether or not the county commissioners court may issue interest-bearing scrip against the road and bridge fund, in payment for road and bridge expenses;

(2)  Whether or not the county commissioners court may issue interest-bearing scrip against the general fund, in payment for current expenses.

In regard to the first question, we find no provision in the statutes or the Constitution of this State which expressly authorizes the county commissioners court to issue interest-bearing scrip against the Road and Bridge Fund in payment for road and bridge expenses; however, since the county commissioners court has the expressed power and duty to "exercise general control over all roads, highways, ferrys, and bridges in the county" (Art.2351, sec. 6, Vernon's R. C. S., 1925), and are authorized to borrow money for the purpose of building roads and bridges (Art. 8, Sec.9, Constitution of Texas; Art. 718, V. R. C. S., 1925, and by virtue of language used in the case of Lasater v. Lopez (Ct. Civ. App. of Tex., 1918), 202 S.W. 1039, aff. by Sup. Ct. of Tex. 1918, 217 S.W. 373), it is our opinion that such scrip, when issued, would not be invalid.

In regard to the second question, herein set out, it is the opinion of this department that this question should be answered in the negative.

The only cases which indicate that interest-bearing scrip, issued by the county commissioners court, is valid are cases involving the construction of roads and bridges or "courthouses, jails or other permanent improvements." We have found no cases holding that the county commissioners court may issue interest-bearing scrip against the general fund in payment for the current expenses of the county.

Counties are political subdivisions and component parts of the state; they have no powers or duties except those which are expressed by law or which may be clearly implied. Robertson v. Breedlove, 61 Tex. 316; Edwards County v. Jennings, 33 S.W. 585, affirmed 35 S. W. 1053. It is also well established that the grant of powers to counties are usually strictly construed. Stratton v. Commissioners Court, 137 S. W. 1170.

In the cases implying that interest-bearing scrip is valid, it will be found that the courts place particular emphasis upon subsections 6 and 7 of Article 2351, Vernon's Revised Civil Statutes, 1925, which Article provides in part:

"Each commissioners court shall: . . .

"6. Exercise general control over all roads, highways, ferrys and bridges in the county.

"7. Provide and keep in repair courthouses, jails, and all necessary public buildings."

The power to issue interest-bearing scrip is but a part of the power to carry out these express powers granted by Article 2351, supra. As was said by Judge Phillips in the case of Lasater v. Lopez, 217 S. W. 373, 376:

" . . . This authority (issuing interest-bearing warrants) where it was necessary for the county to use its credit for the purpose, was but a part of the power reposed in those courts to lay out and establish the roads, and proceeded, as well,from their duty to establish them by constructing them as durably as possible within the county's resources or limits of taxation. It was a means for executing the general power expressly granted, a lawful means because appropriate to that end." (Parenthetical insertion ours.)

There is no express grant of authority to the commissioners court giving it the power to provide for interest on scrip issued against the general fund of the county for payment of current expenses. Furthermore, the Legislature as yet has not deemed it advisable to enact a statute providing that such warrants shall bear interest It is to be noted that the first case holding interst-bearing warrants valid was handed down in 1883. The decision so holding is styled San Patricio County v. McClane, 58 Tex. 243. This case was decided under Article 1229 of Paschal's Digest, which Article was different from our present statute, and it only held that the county commissioners court had the power to issue interest-bearing scrip warrants which evidenced the debts created in building a courthouse and jail. Then in 1887, just four years after the decision of San Patricio County v. McClane, the Senate defeated House Bill No. 216 by a large vote. This was "An Act . . . to require the payment of interest on registered claims against counties." House Journal 1887, pp. 53, 145,373, 390; Senate Journal 1887, pp. 403, 558. An attempt to enact such legislation would evidence the fact that interest could not be paid on scrip issued against the general fund for current expenses, and the rejection of such proposed enactment would indicate that the Legislature did not approve of legislation which would authorize such interest-bearing scrip.

In the absence of an express power to the commissioners court to issue interest-bearing scrip warrants against the general fund in payment of current expense, and the further fact that no Texas court has passed on the question, the application of the rule that grants of power to counties are strictly construed appears

logical and leads us to the conclusion that a commissioners court is without authority to issue interest-bearing scrip warrants against the general fund in payment of current expenses. Such has been the consistent opinion of this department. To support this last statement, we quote from parts of previous departmental opinions.

The first opinion was written August 22, 1887, during the administration of Attorney General James S. Hogg. Vol. 40, Attorney General's Letter Book, p. 602. We quote from part of that opinion as follows:

"The case of San Patrico Co. v. McClane is the only one in which it is held that the county had the right to issue interesting bearing scrip, and there the court restricted the right to that class of indebtedness incurred in making public improvements required of them to be made. The decision was upon a statute which was in operation before the adoption (of) our present constitution, and it gave peculiar significance and importance to certain language in Art. 1229 Pasch. Dig. which is not to be found in our present statute. There being no express authority given by the statute to issue interesting bearing scrip, the case of Robertson vs. Breedlove may be considered as settling the question against the implied power to do so. In conclusion will state that at the last session of the legislature a bill was introduced authorizing counties to issue interesting bearing scrip but the same was defeated by a large vote."

Next we quote from an opinion of this department dated February, 1892, which is signed by Hon. C. A. Culberson, Attorney General of Texas. Vol. 14, Attorney General's Opinions, p. 317.

"Your letter of the 11th instant is received.

"You enclose a copy of a piece of scrip issued July 5th, 1887 by Childress County to Geo. D. Barnard & Co. for stationery (which is part of the current expenses of the county), payable out of the general county fund or third class, which by an express order of the commissioners' court endorsed thereon draws 10% from October 4th 1887, and ask if the said court was authorized to obligate the county to pay such interest. The ruling of this department, as shown by copies of letters enclosed, is in substance and effect that in issuing scrip in the usual manner and for the current expenses of the county, the commissioners' courts are not authorized to provide for the payment of interest. This rule is based upon the wholesome principal that these courts are of limited jurisdiction; that their powers and duties are specifically defined by law and that they may not lawfully exercise

such as are not so defined. A stringent construction should be given the implied power to counties. Robertson v. Breedlove, 61 Tex. 324. Our statutes upon this subject nowhere delegate to these courts the authority exercised in the case submitted by you, and the Legislature has emphatically declined to enact that such warrants shall bear interest by defeating a bill introduced by Mr. Browning. House Jour. 1887, pp. 53, 145, 373, 390. Senate Jour. 1887, pp. 403, 558.

"Under such circumstances, remembering also that such authority would be both dangerous and fruitful of debt and taxation, unless the Supreme Court has expressly and unequivocally so held, the authority should be denied. Rare and exceptional cases determined by that Court should not be made the general rule. As heretofore stated, the statutes do not confer the power exercised in the case presented by you, nor has the Supreme Court decided the precise case, or, in my judgment, laid down any general rule necessarily decisive of the question."

The third opinion to which attention is directed is a conference opinion of this department signed by Hon. B. F. Looney, Attorney General of Texas, and by W. J. Townsend, Assistant Attorney General, dated November 8, 1917. Vol. 50, Attorney General's Opinions, p. 200. This conference opinion approves the opinion of Attorney General Culberson, supra, and in quoting the language of that opinion which we have set out above, holds:

"The ruling of this Department is, in substance and effect, that in issuing scrip in the usual manner and for the current expenses of the county the commissioners' court is not authorized to provide for the payment of interest."

The last opinion of this department which we would mention, relating to this question, is dated August 9, 1937, and signed by Hon. Scott Gaines. Vol. 377, Attorney General's Letter Opinions, p. 736. Mr. Gaines wrote a very short and concise opinion and said in part:

" . . . this department has consistently held that the county commissioners court was without authority to allow and pay interest on ordinary county warrants or scrip issued in payment of current expenses . . ."

For all of the reasons stated, particularly in that no court has passed on the second question herein set out, and since the Legislature has declined to enact that such warrants shall bear interest, and the further reason that it has been the consistent opinion of this department that the county commissioners court has no authority to issue interest-bearing scrip against the general fund for current expenses, it is concluded by this department that such power does not exist.

In your letter you refer to the case of Davis v. Burney, 58, Tex. 364. This opinion is inadequately reported, and it is difficult to determine just what the actual facts were; however, this case is not authority for the proposition that county commissioners courts are authorized to issue interest-bearing scrip against the general fund in payment for current expenses. After holding that the commissioners court did not have authority to issue interest-bearing scrip in payment for current expenses, Mr. Culberson, in his opinion, supra, wrote as follows:

"In support of the contrary view two cases are cited by you from the 58 Texas Reports. The first (San Patricio County v. McClane, 58 Tex. 2437) is sufficiently explained by the letter of Attorney General Hogg heretofore referred to. The latter is Davis v. Burney, 58 Texas 364. It will be observed, however, that in this case the commissioners' court practically undertook to call in and identify by registration all scrip issued prior to April 18th 1876, when the present Constitution took effect, and when a different rate of taxation was authorized (Const. Art. VIII Sec. 9), and the court contracted for the 'postponement of this indebtedness by agreeing to pay interest as a consideration for the delay.' This case, moreover, is a peculiar one. The facts are not fully reported and it is not clear what was the character of the indebtedness or upon what ground the decision was put by the court. This being true, it should not be extended beyond the point actually decided and especially when to do so would, it is believed, violate the spirit of our laws relating to this subject. In all cases in which county debts are evidenced by scrip or warrants, our statutes governing county finances contemplate either that money is in the treasury to discharge the obligation or that the holder will await payment through the prescribed methods of taxation.

"Rev. Stats. Arts. 961 et seq.
"Chapman v. Douglas Co. 107 U.S. 364."

The conference opinion of this department signed by B. F. Looney, Attorney General of Texas, and by W. J. Townsend, Assistant Attorney General, supra, adopted the last quoted portion of Attorney General Culberson's opinion, in holding that Davis v. Burney was not authority for the contrary view, and added:

"If there is no money in the treasury with which to satisfy the scrip, the statutes on county finances and taxation clearly show that the holder must abide the collection of taxes and other moneys which are set apart for the payment of such indebtedness. Under the law, these claims become due when there is money in the treasury to pay them, collected in the manner prescribed, and the courts are powerless to contract that they shall fall due at an earlier time and obligate the counties to pay interest 'for the use, forbearance or detention thereof;' besides, the payment of interest on such registered scrip or warrants is the appropriation of money upon a claim not provided for by a pre-existing law, and is prohibited by Section 44, Article 3 of our State Constitution."

This last quotation also is substantially the same language as was used by Attorney General Culberson in his opinion.

With further reference to the case of Davis v. Burney, supra, we quote from an opinion of this department, dated September 28, 1935, signed by Effie Wilson-Waldron and Victor W. Bouldin, both Assistant Attorney Generals. Vol. 367, Attorney General's Letters, p. 578:

"In the early case of Davis v. Burney, 58 Tex. 364, a commissioner for the Supreme Court held that a county has this power by implication, citing as authority the case of San Patricio County v. McClane, 58 Tex. 243. This latter case involved the issuance of time obligations for the construction of permanent improvements. In the Davis case which, in our opinion, is ill considered and in so far as we know has never been followed by the Supreme Court, the court winds up its opinion with this observation:

"'And if it should be conceded that this conclusion is wrong, then from the manner in which the various items of county taxes were levied by the court, the tax complained of as illegal was susceptible of being readily distinguished from the legal tax, and therefore the appellant, in any event, could only recover the amount of the illegal tax paid by him to the appellee.'

"The reason announced by the Supreme Court in the case of Lasater v. Lopez, 217 S.W. 373, for the issuance by the county of time warrants for permanent improvements is that the very nature of the improvements are such that they are not ordinary current expenses and must necessarily be paid for out of the accumulated revenue of future years, the burden being too much for one year. This argument is the best reason we can conceive for the holding that current expenses should be paid out of the current revenue and not charged against future generations."

This last opinion quoted from has been adopted by this department, as is evidenced by a conference opinion dated December 1, 1939, Attorney General's Opinion No. O-1659.

As has been pointed out, this department has consistently held that the county commissioners courts are not authorized to issue interest-bearing scrip against the general fund in payment for current expenses. Until the Legislature enacts a law specifically granting such authority, or until the courts hold that such authority does exist, we are constrained to follow this line of opinions of this department because "it is the policy of this department to overrule an opinion written by a prior administration only in the instance where a re-examination of the question convinces us that the prior opinion is clearly wrong." (Attorney General's Conference Opinion No. O-1659, supra.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
    Walter R. Koch
    Assistant

By /s/ Harry Shuford
    Harry Shuford

HS:pbp

This opinion has been considered in conference, approved, and ordered recorded.

/s/ Gerald C. Mann
    Gerald C. Mann
    ATTORNEY GENERAL OF TEXAS