

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers

~~ATTORNEY GENERAL~~

ATTORNEY GENERAL

Hon. Reagan S. Wyche
County Auditor
Gregg County
Longview, Texas

Opinion No. O-6473

Re: Does the Commissioners' Court of Gregg County have the authority under Section 4, Article 2368a, to issue time warrants for the construction of an administration building for the County Airport, or would it have to hold an election as prescribed in Article 701, Revised Civil Statutes?

Dear Sir:

We are in receipt of your request for an opinion reading as follows:

"Gregg County owns an Airport. It is proposed that the Commissioners' Court construct an Administration Building, financing the construction by the issuance of Time Warrants.

"Section 2 of Article 2368a, (Acts, 1931, 42nd Leg., page 269, chapter 163) provides in part as follows:

"'No county acting through its Commissioners' Court, and no city in this State, shall hereafter make or enter into any contract or agreement for the construction of any public building, or the prosecution and completion of any public work requiring or authorizing any expenditure in excess of $2,000.00, creating or imposing an obligation or liability of any nature or character upon such county, or any subdivision of such county, or upon such city, without first submitting such proposed contract or agreement to competitive bids. . . .'

"Section 3 provides as follows:

"'When it shall be the intention of the Commissioners' Court, or of the governing body, to issue time warrants for the payment of all or any part of the proposed contract, the notice to bidders required under Section 2 of this Act shall recite that fact, setting out the maximum amount of the proposed time

warrant indebtedness, the rate of interest
such time warrants are to bear, and the maxi-
mum maturity date thereof.'

"Section 4 provides for a referendum on
petition by ten per cent of the qualified voters
of the County whose names appear on the last ap-
proved tax rolls as property tax payers,and then,
the concluding paragraph of Section 4 provides as
follows:

"'If such petition is not so filed with the
County Clerk, then the Commissioners' Court or the
governing body may proceed with the final award of
the contract and with the issuance of said war-
rants, but in the absence of such petition, the Com-
missioners' Court or governing body may at its dis-
cretion also submit such question to a vote of the
people.'

"Section 2(a) of Article 1269h (as amended)
(Acts, 1941, 47th Leg., page 1345, chapter 609, Sec.
1) provides as follows:

"'For the purpose of condemning or purchasing,
either or both, lands to be used and maintained as
provided in Section 1 hereof, and improving and
equipping the same for such use, the governing body
of any city or the Commissioners Court of any coun-
ty, falling within the terms of such Section, may
issue negotiable bonds of the city or of the county,
as the case may be, and levy taxes to provide for
the interest and sinking funds of any such bonds and
levy and collection of such taxes to be exercised in
accordance with the provisions of Chapter 1 of Title
22 of the Revised Civil Statutes of 1925.'

"Article 701, being a part of Chapter 1 of Title
22, referred to above, provides as follows:

"'The bonds of a County or an incorporated city
or town shall never be issued for any purpose unless
a proposition for the issuance of such bonds shall
have been first submitted to the qualified voters who
are property tax payers of such county, city, or town.'

"QUESTION:  Does the Commissioners' Court of Gregg County have the authority under Section 4 of Article 2368a, quoted above, to issue Time Warrants for the construction of an administration building for the County Airport, or would it have to hold an election as prescribed in Article 701?"

In our opinion No. O-4357, we said:

"It is a well established rule of law in this State that a county, subject to the express restrictions imposed by the Constitution and general laws, has the implied power to issue time warrants in payment for improvements it is expressly authorized to construct, provided the applicable regulations relating to the issuance of such warrants are observed. San Patricio County v. McClane, 58 Tex. 243; Lasiter v. Lopez, 217 S.W. 373; Adams v. McGill, 146 S.W. (2d) 332."

Section 1, Article 1269h, authorizes Commissioners' Courts to "acquire, maintain and operate" tracts of lands within the limits of the county as an airport.

Section 2 of Article 1269h authorizes the issuance of bonds for the purpose of condemning or purchasing lands and improving and equipping the same for such use.  The construction of an Administration building is a necessary part of the equipment of an airport.

Article 2368a provides the necessary procedure for the issuance of time warrants, and by following the provisions thereof, Gregg County may issue time warrants to construct the building mentioned by you.

Of course, the County may issue bonds if their issuance is authorized by the qualified property taxpayers at an election held as provided in Chapter 1, Title 22, Revised Statutes.

The tax to support either bonds or warrants must be levied out of the twenty-five cent tax authorized for permanent improvements, and must be levied at the time the debt is created.

APPROVED MAR 27, 1946  
/s/ Grover Sellers  
ATTORNEY GENERAL OF TEXAS  
APPROVED: OPINION COMMITTEE  
BY:      BWB, CHAIRMAN  
CFG:EP:wb

Yours very truly  
ATTORNEY GENERAL OF TEXAS  
By /s/ C. F. Gibson  
C. F. Gibson, Assistant