

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 28, 1947

Hon. James F. Houlihan,
County Auditor,
Orange County,
Orange, Texas

Opinion No. V-271

Re: Authority of Or-
ange County to
issue time war-
rants against the
road and bridge
fund.

Dear Mr. Houlihan:

Your request for an opinion of this depart-
ment is substantially as follows:

"Prior to the date of this request,
it had been the custom of the Commissioners'
Court to pass an order, which said order was
recorded in the Minutes of said Court, where-
in the Commissioner of some particular pre-
cinct was authorized to issue a scrip war-
rant against his precinct funds payable in
one or two or more years after date, with or
without interest, whereupon the County Clerk
would issue an ordinary scrip warrant direct-
ed to the County Treasurer, and in the lower
left hand corner of said scrip warrant or
elsewhere in the body of said scrip warrant
would write in the words 'Payable on or be-
fore April 10th, 1948' or similar dates, fol-
lowed by the words 'With interest @___% per
annum'. Sometimes these warrants were pay-
able to a bank and the Commissioner would
take them to the bank, discount them, and
have the proceeds deposited to his precinct
account, and thereafter current warrants
would be drawn against these funds to pay
claims allowed for the ordinary and neces-
sary expenses incurred in the construction
and maintenance of roads and bridges in that
precinct.

"Sometimes these scrip warrants were
drawn to the order of some particular firm
or individual and given in payment for shell,

lumber, machinery, or other equipment and supplies.  This type of scrip warrant while payable in one (1), two (2), or more years from date of issue did not always bear interest. . .

"  . . .

"1.  Must all warrants issued against the road and bridge funds of a county and payable out of revenue anticipated in some future year, said warrants being carried as outstanding by the Treasurer, while other warrants were being paid out of current funds, be classed as time warrants?

"2.  Must the Commissioners Court publish their intention to issue Time Warrants as outlined and provided for in Article 2368 (A)?

"3.  Can Orange County with a valuation of slightly over eighteen million and No/100 dollars ($18,000,000.00) issue Ninety-five Hundred and No/100 Dollars ($9,500.00) in Time Warrants in any one year against its Road and Bridge funds without advertising or publishing or giving notice of the intention of the Commissioners' Court to do so?

"4.  If the Commissioners' Court should pass an order authorizing any particular commissioner to issue a warrant, scrip or otherwise, against his particular precinct funds, payable in any year other than the current year with or without interest, said warrant to be used by said commissioner to purchase machinery, shell, or road building material, or to be discounted by said commissioner and the proceeds used to finance current work in his precinct and to pay other warrants issued against his precinct funds to pay claims incurred after these warrants are authorized, is the County Clerk required to issue said warrants on such a court order and is the County Auditor required to approve and countersign such warrants?"

In 1931 the Legislature passed what is denominated as the "Bond and Warrant Law" (Art. 2368a,

V.C.S.).  The Bond and Warrant Law, while it recognizes
time warrants, and regulates and limits their issuance,
does not purport to authorize their issuance; it does
expressly authorize the funding of such warrants as are
validly issued into negotiable bonds.  The manner and
mode of such refunding is carefully and minutely speci-
fied.  In the cases of the erection of court houses,
jails, and the construction of public roads, it has been
often held that the county has the implied power to is-
sue time warrants to pay therefor (Adams vs. McGill,
146 S. W. (2d) 332; San Patricio County vs. McClane, 58
Tex.243; Davis vs. Burney, 58 Tex. 364; Stratton vs.
Commissioners' Court, 137 S. W. 1170; Lasater vs. Lopez,
217 S. W. 373).

Section 7, Article XI of the Constitution of
Texas provides in part:

".  .  . No debt for any purpose shall
ever be incurred in any manner by any city
or county unless provision is made at the
time of creating the same, for levying and
collecting a sufficient tax to pay the in-
terest thereon and provide at least two per
cent as a sinking fund. . ."

This department, in discussing the above con-
stitutional provision, in Opinion No. 0-6433, dated
July 24, 1945, stated:

"The foregoing provision is a restric-
tion and limitation, and it has been held
that when no authority exists to levy a tax
to pay a debt, no power can exist to incur
the debt.  (Lasater v. Lopez, (Civ.App.)
202 S. W. 1039, affirmed 110 Tex. 179, 217
S. W. 373.)  We point out that the term
'debt' as used in the above constitutional
provision is to be distinguished from ob-
ligations payable from current revenues.
The term 'debt', above referred to has been
defined 'as comprehending any pecuniary ob-
ligation imposed by contract, except such
as is at the date of the agreement within
the lawful and reasonable contemplation of
the parties, to be satisfied out of the cur-
rent revenues for the year, or out of some
fund then within the immediate control of
the commissioners' court.'  (11 Tex. Jur.,
Sec. 121, p. 670).  If at the time a con-
tract is made, it is contemplated that any

part of the purchase price is to be paid
from taxes levied and collected for future
years, the obligation constitutes a 'debt'
within the meaning of the constitutional
prohibition.

"The legislature has authorized coun-
ties to create 'debts' within the meaning
of the constitution by authorizing the is-
suance of bonds and time warrants, and we
are unable to find any legal means by which
a commissioners' court may obligate the tax
revenues of the county for a future year
other than by complying with the statutory
provisions as to the issuance of bonds
and/or time warrants."

The term "time warrant" has been defined as
including any warrant issued by a city or county not pay-
able out of current funds and those warrants issued and
payable out of current funds are known as "scrip warrants".
Therefore, your first question should be answered in the
affirmative inasmuch as warrants issued and payable out
of anticipated revenues in future years should be classi-
fied as time warrants.

Section 2 of Article 2368a, V. C. S., provides
in part as follows:

". . . Notice of the time and place
when and where such contract shall be let
shall be published in such county (if con-
cerning a county contract, or contract for
such subdivision of such county) and in
such city (if concerning a city contract),
once a week for two consecutive weeks prior
to the time set for letting such contract,
the date of the first publication to be at
least fourteen days prior to the date set
for letting said contract, and said con-
tract shall be let to the lowest responsi-
ble bidder, on the respective type of con-
struction selected. . .

". . . Provided, that in case of public
calamity, where it becomes necessary to
act at once to appropriate money to re-
lieve the necessity of the citizens, or
to preserve the property of such county or
city, or when it is necessary to preserve

or protect the public health of the citizens of such county or city, or in case of unforeseen damage to public property, machinery or equipment, this provision shall not apply; and provided further, that it shall not be applied to contracts for personal or for professional services, nor to work done by such county or city and paid for by the day, as such work progresses."

Section 3 of Article 2368a, V.C.S., is as follows:

"When it shall be the intention of the Commissioners' Court, or of the governing body, to issue time warrants for the payment of all or any part of the proposed contract, the notice to bidders required under Section 2 of this Act shall recite that fact, setting out the maximum amount of the proposed time warrant indebtedness, the rate of interest such time warrants are to bear, and the maximum maturity date thereof.

Section 5 of Article 2368a, V.C.S., is substantially as follows:

"The notice required in Sections 2 and 3, and the right to referendum election defined in Section 4, shall not be applicable to expenditures payable out of current funds or bond funds, as above described, nor to additional expenditures by counties unless in excess of Five Hundred Dollars ($500.00) for each One Million Dollars ($1,000,000.00), or a part thereof, of taxable property in said county, according to the last approved tax rolls; . . . and provided further that no such warrants shall ever be issued by a county in excess of One Hundred Thousand Dollars ($100,000.00) for any one year, without the duty to give notice and the right to referendum provided in Section 3. If in excess of the maximum, the expenditure cannot be authorized until the expiration of the time for filing the petition for referendum vote has expired. . ."

In the case of Foreman vs. Gooch, et al, 184 S. W. (2d) 481, the court stated as follows:

"Appellant, in his briefs, concedes
that the Commissioners Court has authority
to issue what is commonly called 'interest
bearing time warrants,' contending that
such warrants are authorized by the pro-
visions of Article 2368a, Vernon's Ann.
Civ. St., which statute is known as the
'Bond and Warrant Law.' With this conten-
tion we are unable to agree. As we under-
stand the decisions, the authority for a
Commissioners' Court to issue interest bear-
ing time warrants is derived from what now
is Article 2351, Vernon's Ann. Tex. Civ.St.
San Patricio County v. Jno. McClane, 58 Tex.
243; Lasater v. Lopez, 110 Tex. 179, 217 S.W.
373. While Article 2368a, Vernon's Ann.Civ.
St., is a restriction or limitation upon the
authority of the Commissioners' Court in is-
suing such warrants <u>Section 5 of said Arti-</u>
<u>cle provides that such Act does not apply to</u>
<u>expenditures payable out of current funds.</u>"

Therefore, in answer to your second question,
it is the opinion of this department that notice must be
given of the intention of the Commissioners' Court to is-
sue time warrants if the expenditures are in excess of
$500.00 for each $1,000,000.00 of tax valuation of your
county, and the notices required by Article 2368a, supra,
must be given before the Commissioners' Court could le-
gally issue time warrants for such purposes. Your second
question should be answered in the affirmative.

In question No. 3 you ask whether Orange Coun-
ty may issue $9,500.00 "in time warrants in any one year
against its road and bridge funds without advertising or
publishing or giving notice of the intention of the Com-
missioners' Court to do so," and it is assumed by this de-
partment that the expenditure is to be made from and the
warrants issued against current funds. If such be the
case, then obviously your question relates to scrip war-
rants instead of time warrants as stated in your question,
and it will be seen from the foregoing case of Foreman vs.
Gooch, et al, supra, that the provisions of Section 5 of
Article 2368a do not apply to those expenditures from cur-
rent funds, but if the indebtedness is to be evidenced by
a time warrant, that is, one for a future year, then the
provisions of Section 5 would be applicable. Therefore,
it is the opinion of this department that Orange County,
whose valuation is slightly over $18,000,000.00, may is-
sue $9,500.00 in scrip warrants from the current funds of
its road and bridge funds without advertising, publishing

or giving notice of its intention to do so.  Your third question should be answered in the affirmative.

Any warrant ordered issued by the Commissioners' Court, payable out of the reasonably anticipated revenues for the current year is a valid warrant and should be issued by the County Clerk and approved by the County Auditor.  But, if a warrant be ordered issued against future revenues of the county and not payable within the year from current funds, the same would be classed as a time warrant.  Therefore, a prerequisite to the issuance of time warrants would be the required notice, a tax levy, and the establishment of a sinking fund to care for the same.  The County Clerk would be bound by the order of the Commissioners' Court to perform a ministerial duty, but if the time warrants are not in conformity with law the County Auditor is not legally authorized to approve the same.

### SUMMARY

1. A time warrant includes any warrant issued by a city or county not payable from current funds and notice, a tax levy, and the creation of a sinking fund are prerequisites for the issuance of the same by a Commissioners' Court.

2. The Commissioners' Court of Orange County, whose valuation is slightly over Eighteen Million Dollars, may issue Nine Thousand Five Hundred Dollars in scrip warrants on its "current funds" without advertising or giving notice of its intention to do so.  Art. 2368a, V.C.S.; Foreman vs. Gooch, et al, 184 S.W. (2d) 481; and Adams vs. McGill, 146 S.W. (2d) 332.

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

BW:WB:jrb:mv

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Burnell Waldrep*

Burnell Waldrep
Assistant