

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 23, 1949.

Honorable Ralph Logan          Opinion No. V-779.
District Attorney
51st Judicial District    Re: Several questions regard-
San Angelo, Texas              ing the authority of the
                               Commissioners' Court of
                               Coke County to issue in-
                               terest bearing time war-
                               rants for the purpose of
                               establishing and equipping
                               a county hospital.

Dear Sir:

        Your request for an opinion on the above sub-
ject matter is in part as follows:

        "In behalf of the Commissioners' Court
    of Coke County, Texas, I desire to submit for
    your opinion the questions which will be set
    forth below.

        "On March 27, 1948, an election was held
    in Coke County at which the following ques-
    tion was submitted to the voters:

            'Shall the Commissioners' Court of
        Coke County, Texas, issue time warrants
        of Coke County, Texas, to the amount of
        $50,000.00, bearing interest at the rate
        not to exceed 4% per annum, and maturing
        at such time or times as may be most ex-
        pedient by the Commissioners' Court, se-
        rially or otherwise, not to exceed ten
        years from their date, for the purpose
        of establishing and equipping a County
        Hospital and if there shall be annually
        levied and collected on all taxable
        property in said County for the current
        year and annually thereafter while said
        warrants or any of them are outstanding,
        a tax sufficient to pay the current in-
        terest on said warrants and to pay the

principal thereof as the same becomes
due.'

The Commissioners' Court had plans drawn for
the hospital and upon submission of the same
for bids the lowest bid was $67,000.00. A
hospital of the type which they wished to es-
tablish cannot be constructed for the sum of
$50,000.00. Furthermore, they have found
that by increasing the amount which the coun-
ty will put into the hospital, a substantial
contribution can be obtained from the Federal
Government thus enabling them to construct a
much better county hospital.

"1. Does the commissioners' court have
the power to issue time warrants with which
to finance the construction of the county
hospital? . . .

"2. Can a part of the proceeds of such
warrants be used in the purchase of equipment
for such hospital? . . .

"3. The proposition submitted to the
voters on March 27, 1948, carried. The elec-
tion was held pursuant to the petition of 301
persons presented on February 24, 1948. Does
the fact that the amount approved in this
election was the sum of $50,000.00 preclude
the commissioners' court from issuing time
warrants in excess of that amount? . . ."

Article 4478 V. C. S., provides:

"The commissioners court of any county
shall have power to establish a county hos-
pital and to enlarge any existing hospitals
for the care and treatment of persons suf-
fering from any illness, disease or injury,
subject to the provisions of this chapter.
At intervals of not less than twelve months,
ten per cent of the qualified property tax
paying voters of a county may petition such
court to provide for the establishing or en-
larging of a county hospital, in which event
said court within the time designated in
such petition shall submit to such voters at

a special or regular election the proposition
of issuing bonds in such aggregate amount as
may be designated in said petition for the
establishing or enlarging of such hospital.
Whenever any such proposition shall receive a
majority of the votes of the qualified prop-
erty tax payers voting at such election, said
commissioners court shall establish and main-
tain such hospital and shall have the follow-
ing powers:

"1. To purchase and lease real property
therefor, or acquire such real property, and
easements therein, by condemnation proceed-
ings.

"2. To purchase or erect all necessary
buildings, make all necessary improvements
and repairs and alter any existing buildings,
for the use of said hospital. The plans for
such erection, alteration, or repair shall
first be approved by the State Health Officer,
if his approval is requested by the said com-
missioners court.

"3. To cause to be assessed, levied and
collected, such taxes upon the real and per-
sonal property owned in the county as it
shall deem necessary to provide the funds for
the maintenance thereof, and for all other
necessary expenditures therefor.

"4. To issue county bonds to provide
funds for the establishing, enlarging and
equipping of said hospital and for all other
necessary permanent improvements in connec-
tion therewith; to do all other things that
may be required by law in order to render said
bonds valid.

"5. To appoint a board of managers for
said hospital.

"6. To accept and hold in trust for the
county, any grant or devise of land, or any
gift or bequest of money or other personal
property or any donation to be applied, prin-
cipal or income or both, for the benefit of

said hospital, and apply the same in accord-
ance with the terms of the gift."

It is assumed that the petition presented to
the commissioners' court was signed by at least 10% of
the qualified property taxpaying voters, and that the
election was held in accordance with statutory proce-
dure. Therefore, the question whether a county hospi-
tal may be constructed by the issuance of time warrants
when there has been no election for the establishment
thereof is not before us, and we express no opinion in
this respect.

It is also assumed that the $50,000.00 in
warrants covered in the election proceedings have not
been issued, that no contract has been entered into for
the construction of the hospital, and that you are in-
terested in the question whether time warrants may be
issued in accordance with the terms of Article 2368a,
Vernon's Civil Statutes, to cover the cost of the con-
struction and equipment of the hospital.

In the case of Adams v. McGill, 146 S. W. (2d)
332 (writ refused), the Court held that Article 2372d
V. C. S. (expressly authorizing the construction and im-
provement of livestock and horticultural exhibit build-
ings) impliedly authorized the county to issue time
warrants payable over a period of years for improve-
ments on such building. The Court stated:

" . . . A county subject to the express
restrictions imposed by the Constitution and
general laws, has the power to issue time
warrants in payment for improvements it is
expressly authorized to construct, provided
that the applicable regulations relating to
the issuance of such warrants be observed."

In Lasater v. Lopez, 217 S. W. 373, it was
held that the Commissioners' Court was authorized to
issue time warrants for the purpose of building roads,
and the fact that the Legislature authorized the is-
suance of bonds for such purpose did not preclude the
issuance of time warrants. We quote the following:

" . . . the essential question in this
case is reduced to simply whether that act's
grant of authority for the issuance of nego-

tiable county bonds for public road purposes, amounted to an annulment of the authority then residing in those courts to issue non-negotiable county warrants for the same purpose in those instances where the particular road improvement could be accomplished by that means.

"There is nothing in the act itself indicating that the Legislature had any such purpose in mind."

In the case of Foreman v. Gooch, 184 S. W. (2d) 481, it was held that the Commissioners' Courts' authority to issue interest bearing time warrants for the purpose of constructing roads and bridges was derived from Article 2351 V. C. S. (setting forth the general powers of the Commissioners' Court which include the building of roads and bridges) rather than Article 2368a V. C. S., which is a restriction or a limitation upon the authority of the Commissioners' Court to issue such warrants. We quote the following:

"Appellant, in his briefs, concedes that the Commissioners' Court has authority to issue what is commonly called 'interest bearing time warrants,' contending that such warrants are authorized by the provisions of Article 2368a, Vernon's Ann. Civ. St., which statute is known as 'Bond and Warrant Law.' With this contention we are unable to agree. As we understand the decisions, the authority for a Commissioners' Court to issue interest bearing time warrants is derived from what now is Article 2351, Vernon's Ann. Tex. Civ. St. San Patricio County v. Jno. McClane, 58 Tex. 243; Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373. While Article 2368a, Vernon's Ann. Civ. St., is a restriction or limitation upon the authority of the Commissioners' Court in issuing such warrants Section 5 of said Article provides that such Act does not apply to expenditures payable out of current funds."

In view of the foregoing, it is readily seen that where Commissioners' Court is expressly authorized to construct a building, it has the implied authority

to issue interest bearing time warrants to pay for such construction. Article 4478 expressly authorizes the establishment and maintenance of a county hospital including the equipping of said hospital and all other necessary permanent improvements in connection therewith. Therefore, it is our opinion, in answer to your first and second questions, that the Commissioners' Court of Coke County has the power to issue time warrants with which to finance the construction and equipping of a county hospital, provided, of course, that the terms of Article 2368a are met.

There is no requirement in law that time warrants be authorized by a vote of the qualified property taxpaying voters. The specification of the $50,000.00 of warrants in the election proceedings would, therefore, not restrict the authority of the Commissioners' Court to issue warrants in an amount exceeding said $50,000.00 if such warrants are issued in accordance with law. It was held in Attorney General's Opinion No. V-728 that the Commissioners' Court was authorized to issue additional warrants for the purpose of improving the grounds of Bexar County Agricultural and Livestock Building subject to the right of referendum by the voters. We quote the following:

"They have the right under Article 2368a, V.C.S., to file a referendum petition and require that the question of issuing such warrants be submitted to the voters of the county. There was no referendum petition filed at the time the original $1,750,000.00 worth of warrants were issued by the Commissioners' Court. If such remedy is not invoked within the statutory time limit, it is our opinion that the additional warrants may be issued for the purpose of making such improvements as submitted by you in your request."

If the proceedings authorizing the $67,000.00 of warrants are in accordance with the terms and conditions of Article 2368a, and if no referendum petition is filed in connection therewith, then such warrants may lawfully be issued.

## SUMMARY

The Commissioners' Court has authority
to issue interest bearing time warrants for
the purpose of establishing and equipping a
county hospital, provided the terms and con-
ditions of Article 2368a, V. C. S., are met.
Article 4478; A. G. Opinion No. V-728.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:bh

APPROVED

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL